**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――――

**No. 22-4208**

―――――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DEVONTE LAMONT WILLIAMSON,

Defendant - Appellant.

―――――――――――

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:20-cr-00480-WO-2)

―――――――――――

Submitted:  November 17, 2022                    Decided:  November 22, 2022

―――――――――――

Before KING, QUATTLEBAUM, and RUSHING, Circuit Judges.

―――――――――――

Affirmed in part and dismissed in part by unpublished per curiam opinion.

―――――――――――

**ON BRIEF:** Eugene E. Lester III, SHARPLESS MCCLEARN LESTER DUFFY, PA, Greensboro, North Carolina, for Appellant.  Jacob Darriel Pryor, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

―――――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Devonte Lamont Williamson pled guilty, pursuant to a written plea agreement, to possession of a firearm as a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1). The district court sentenced Williamson to 192 months' imprisonment and five years of supervised release. On appeal, Williamson's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning the validity of Williamson's guilty plea and whether Williamson was properly sentenced as an armed career criminal. Although notified of his right to do so, Williamson did not file a pro se supplemental brief. The Government has moved to dismiss the appeal pursuant to the appeal waiver in Williamson's plea agreement. We affirm in part and dismiss in part.

We review the validity of an appeal waiver de novo and "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). Upon review of the record, including the plea agreement and transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Williamson knowingly and voluntarily entered his guilty plea and waived his right to appeal. Accordingly, we grant the Government's motion to dismiss in part and dismiss the appeal as to all issues within the waiver's scope, including counsel's challenge to Williamson's sentence. The waiver provision, however, does not preclude our review pursuant to *Anders*. *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018). We therefore deny in part the Government's motion to dismiss.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal outside the scope of Williamson's valid appeal

2

waiver. We therefore affirm the remainder of the district court's judgment. This court requires that counsel inform Williamson, in writing, of the right to petition the Supreme Court of the United States for further review. If Williamson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Williamson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*